

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REGINALD DONELL RICE, PRO SE, § <br> TDCJ-CID No. 1436278, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ROY EASON and JEFFREY S. SELIG, § <br> § <br> Defendants. § | | 2:08-CV-0046 |

**REPORT AND RECOMMENDATION**

Plaintiff REGINALD DONELL RICE, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant(s) and has submitted a declaration in support of application to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff RICE has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause no. 4:08-CV-010 was dismissed by the United States District Court for the Eastern District of Texas, Sherman Division, on March 18, 2008, as

frivolous and for failure to state a claim[1], and plaintiff's subsequent appeal was dismissed on June 16, 2008; Cause no. 4:08-CV-036 was dismissed for frivolousness and failure to state a claim by the United States District Court for the Eastern District of Texas, Sherman Division, on March 17, 2008, and plaintiff's subsequent appeal was dismissed as frivolous on November 6, 2008; Cause no. 4:07-CV-060 was dismissed as frivolous and for failure to state a claim by the United States District Court for the Eastern District of Texas, Sherman Division, on March 22, 2007, and plaintiff's subsequent appeal was dismissed on January 17, 2008; and Cause no. 4:08-CV-279 was dismissed by the United States District Court for the Eastern District of Texas, Sherman Division, as frivolous and for failure to state a claim on October 3, 2008, and no appeal was taken.

Pursuant to Title 28, United States Code, 1915(g), the Magistrate Judge FINDS plaintiff REGINALD DONELL RICE may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g). Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception.

Because plaintiff has already sustained the "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's request to proceed in forma

---

[1] The question of whether a case dismissed pursuant to *Heck* considerations should be considered for purposes of computing three strikes under the PLRA has been answered affirmatively by many courts facing this issue. *See*, *Reese v. D.C. Metropolitan Police*, 2001 WL 410449 (D.C.Cir. 2001); *Sandles v. Randa*, 945 F.Supp. 169 (E.D. Wisconsin 1996); *Sanders v. DeTella*, 1997 WL 126866 (N.D.Ill.). *Contra*, *Hall v. Romines*, 2000 WL 372248 (8th Cir. 2000); *Smith v. Duke*, 296 F.Supp.2d 965 (E.D.Ark. 2003). Additionally, deciding *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit discussed whether to count Adepegba's case dismissed by the district court as frivolous on *Heck* grounds and declined to do so only because the appeal had not yet been waived or exhausted. Thus, it appears the approach utilized in this cause as to the *Heck* dismissal accords with that of the Fifth Circuit.

pauperis be denied and that the instant cause be dismissed for failure to pay the requisite filing fee.

Permission to proceed in forma pauperis is granted temporarily and solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

Plaintiff is advised that if he pays the $350.00 filing fee within fourteen (14) days after the filing date hereof, this Report and Recommendation of dismissal will be withdrawn.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 15th day of December 2008.

*(signed)*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).