

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | |
|---|---|
| REGINALD DONELL RICE, PRO SE, § <br> TDCJ-CID No. 1436278, § <br>  § <br>   Plaintiff, § <br>  § <br> v.    § <br>  § <br> ROY EASON and JEFFREY S. SELIG, § <br>  § <br>   Defendants. § | 2:08-CV-0046 |

## ORDER REVOKING PAUPER STATUS AND ORDER OF DISMISSAL

Plaintiff REGINALD DONELL RICE, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and requesting leave to proceed *in forma pauperis*.

On December 15, 2008, a Report and Recommendation was filed by the United States Magistrate Judge analyzing plaintiff's litigation history and his claims under Title 28, United States Code, section 1915(g), and recommending plaintiff's request to proceed as a pauper be denied and the instant cause be dismissed for failure to pay the filing fee. Plaintiff filed his objections on December 23, 2008.

By his Objections, plaintiff says he was already granted pauper status in this case and contends he should be able to depend on the federal government for relief from mistreatment by state officials. Plaintiff also asks that the Court "inform inmate trust fund . . . to delete [the] $350.00 payment [order] issued by this court."

The Court notes the July 22,008 Filing Fee Order to which plaintiff refers has been vacated; the Inmate Trust Fund has been instructed to cease any withdrawals in compliance

therewith; and the Clerk has been instructed to refuse to accept any filing fee payments in this case from plaintiff's account through the Inmate Trust Fund. Inquiry with the Clerk reveals no payment had been received as of December 29, 2008.

Historically, courts have not been bound by a plaintiff's economic status on the date of filing but could re-evaluate a litigant's eligibility for pauper status where changes in his financial condition occurred during the pendency of suit. *Carter v. Telectron, Inc.*, 452 F.Supp. 939, 942 (S.D.Tex. 1976). Thus, if the allegation of poverty was determined to be no longer true because of a subsequent improvement in the economic status of the plaintiff, it was within the discretion of the district court to dismiss the proceeding or require that the costs of litigation to date be paid by the plaintiff in lieu of dismissal. *Id*.

"Because *in forma pauperis* status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F.Supp. 283, 288 (E.D.Mo 1992). The passage of the PLRA was effected, in part, "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996)(quoting *Leonard v. Lacy*, 88 F.3d 181, 195 (2d Cir. 1996). Thus, the goals of section 1915 were modified by passage of the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees. *See*, 28 U.S.C. § 1915(g).

Re-evaluation of plaintiff's pauper status is appropriate where information comes to light showing he is no longer eligible to proceed *in forma pauperis*.

A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court further notes that plaintiff's proposed amendments submitted August 13, 2008 and December 15, 2008 do not provide any reason why this cause should not be dismissed for the reasons set forth in the Report and Recommendation as discussed and supplemented above.

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the Report and Recommendation of the Magistrate Judge, as well the objections filed by plaintiff. The District Judge is of the opinion plaintiff's objections should be, and hereby are, OVERRULED. The District Judge is of the further opinion that the Magistrate Judge's Report and Recommendation should be, and hereby is, ADOPTED, as supplemented herein.

IT IS THEREFORE ORDERED:

1. Plaintiff's pauper status is REVOKED.

2. The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE. 28 U.S.C. § 1915(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this  31st  day of December, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE